UNITED STATES, Appellee

v

BOBBIE L. JOHNSON, Airman Recruit, U. S. Navy, Appellant

13 USCMA 127, 32 CMR 127

*Captain Frederick D. Clements*, USMC, and *Lieutenant Robert C. Watson*, USNR, were on the brief for Appellant, Accused.

*Captain James W. Grant*, USN, and *Major Elvin R. Coon, Jr.*, USMC, were on the brief for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

The question presented by this appeal concerns the amount of forfeitures imposed by the court-martial.

A special court-martial convened at Cubi Point, Republic of the Philippines, convicted the accused of a number of offenses in violation of the Uniform Code of Military Justice. The president instructed the court members that the maximum punishment was a bad-conduct discharge, confinement at hard labor for six months, reduction in rate, and forfeiture of two-thirds pay per month for six months. After deliberating for seventeen minutes the court returned the following sentence: "to six months confinement at hard labor, $70.00 forfeiture of pay for six months, and BCD." The convening authority and the supervisory authority approved the sentence, but the order promulgating the results of trial shows the forfeiture part of the sentence as "forfeiture of $70.00 *per month* for 6 months." (Emphasis supplied.) A divided board of review held that, despite the absence of the word "per month" from the sentence announced by the court, the manifest intention was to impose forfeitures in the amount and for the period specified in the court-martial order.

In support of its conclusion, the board of review relied upon the basic rule that substance not technical nicety of expression determines the meaning of the court-martial's action. United States v Hollis, 11 USCMA 235, 29 CMR 51. It considered the president's instruction and the fact that the amount of the forfeitures is exactly two-thirds of the accused's base pay as demonstrating the court-martial "intended to adjudge forfeiture of two-thirds pay per month for a period corresponding to the confinement." Member W. C. Kiracofe dissented. In his opinion, it was "conceivable . . . that the court intended to adjudge a lump sum forfeiture of $70.00." Longstanding service precedents on the precise point in issue support the dissenting member's evaluation of the import of the sentence announced at the trial. United States v Simone, 8 CMR 579; United States v Watson, 5 CMR 476; Dig Op JAG, Army, 1912–1940, §§ 402(9), (10), pages 251, 252. The Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, takes the same position. Ibid, page 180. Our opinion in United States v Robinson, 4 USCMA 12, 15 CMR 12, also points in that direction. There may be, as the Government contends, little or no reason in this particular case to allow the accused to draw a substantial part of his pay during confinement, but the sentence is legal and there are no circumstances justifying "inquiry into the intent of the court-martial." United States v Cuen, 9 USCMA 332, 338, 26 CMR 112.

Only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of pay- in the total amount of $70.00. In other respects, the decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.