UNITED STATES, Appellee,

v.

Scott R. MULLER, Airman
U.S. Navy, Appellant.

No. 49,181.
NMCM 83 3731.

U.S. Court of Military Appeals.

Jan. 13, 1986.

For Appellant: *Lieutenant John B. Consevage, JAGC, USNR* (argued); *Lieutenant Colonel M.W. Lucas, USMC* (on brief); *Lieutenant Commander Alvin L. McDonald, JAGC, USN,* and *Lieutenant Kathleen P. McTighe, JAGC, USNR.*

For Appellee: *Commander Michael P. Green, JAGC, USN* (argued); *Captain W.J. Hughes, JAGC, USN,* and *Commander Richard A. Monteith, JAGC, USN* (on brief).

---

*Opinion of the Court*

COX, Judge:

Pursuant to his negotiated pleas at a special court-martial, appellant was convicted of possessing marihuana with intent to distribute and distribution of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced by the military judge to confinement at hard labor for 55 days, forfeiture of $350.00 pay per month for 2 months,

reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence but suspended confinement in excess of 45 days in accordance with the terms of the pretrial agreement; this action was approved by the supervisory authority. The Court of Military Review affirmed.

This Court granted review of the following two issues:

## I

WHETHER THE APPELLANT HAS BEEN SUBSTANTIALLY PREJUDICED BY THE FAILURE OF THE CONVENING AUTHORITY AND HIS STAFF JUDGE ADVOCATE TO ABIDE BY THE TERMS OF THE CLEMENCY AGREEMENT WITH THE APPELLANT.

## II

WHETHER THE MILITARY JUDGE ERRED BY FAILING TO *SUA SPONTE* DISMISS SPECIFICATION 1 OF THE CHARGE (POSSESSION WITH INTENT TO DISTRIBUTE MARIHUANA) AS BEING UNREASONABLY MULTIPLICIOUS FOR FINDINGS WITH SPECIFICATION 2 OF THE CHARGE (DISTRIBUTION OF MARIHUANA).

## I

The Court of Military Review made no factual determinations regarding the existence or terms of a "clemency agreement." Instead, the court below adhered to *United States v. Joseph*, 11 M.J. 333 (C.M.A.1981), refusing to consider post-trial assertions contrary to appellant's representations at trial that no agreement existed in regard to the sentence other than that contained in the written pretrial agreement. Unpublished opinion at 3. We agree with this approach.

The day before trial, appellant obtained a pretrial agreement which provided that, in exchange for his pleas of guilty to two of the three drug specifications alleged, the convening authority agreed to suspend confinement in excess of 45 days. In post-trial declarations, appellant contends that several hours before trial, his defense counsel telephoned the convening authority's staff judge advocate and obtained his verbal agreement that the convening authority would suspend the bad-conduct discharge if appellant cooperated with authorities and revealed the source of his marihuana. Although the staff judge advocate confirmed in his post-trial affidavit that such a conversation took place, he claimed that no promises were made other than that the convening authority would consider clemency based on the value of the information provided. Due to the press of time, nothing concerning this conversation was reduced to writing prior to trial and this purported "clemency agreement" was not mentioned at trial.

Appellant contends that in order to obtain the benefit of his bargain, he was required only to reveal his source. He complied by naming his supplier at trial during his sworn testimony in extenuation and mitigation. Because the convening authority did not suspend the discharge, appellant asks this Court to order compliance with the "clemency agreement" in accordance with the terms as he understood them to be.

■ When the parties at trial evidence *on the record* their understanding of a bargain, the accused is entitled to have the bargain complied with according to that understanding. *United States v. Cifuentes*, 11 M.J. 385 (C.M.A.1981). Here, the military judge made a thorough inquiry into the providence of the pleas and attempted to ascertain the terms and conditions of any pretrial agreement, in conformity with *United States v. Green*, 1 M.J. 453 (C.M.A.1976), and *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Appellant personally assured the military judge on the record that the written pretrial agreement contained "all the conditions and understandings of both the Government and the accused" and that there were no "other deals, promises,

understandings, conditions or off-the-record agreements between the parties or with the convening authority, either oral or in writing."

After announcing sentence, the military judge discussed the sentence limiting provisions of the pretrial agreement. At that time, appellant stated his understanding that the convening authority had made no agreement concerning the bad-conduct discharge. Counsel indicated their concurrence with this statement in open court. Both trial counsel and defense counsel have the obligation to disclose the existence of a pretrial agreement if they are aware of one. *United States v. Cooke*, 11 M.J. 257 (C.M.A.1981).

Appellant now contends that the oral agreement concerning suspension of the discharge was separate and distinct from the formal pretrial agreement and, therefore, it was not necessary to disclose its existence to the military judge. We do not accept this reasoning, as an agreement reached prior to trial wherein the convening authority obligates himself to grant certain sentencing relief is exactly the type of matter that is to be disclosed to the trial judge. *See United States v. Brown*, 13 M.J. 253, 259 n. 4 (C.M.A.1982); *United States v. Bedania*, 12 M.J. 373 (C.M.A. 1982); *United States v. Cooke, supra.*

The existence and terms of any pretrial agreements are to be established one way or the other at trial. *Cf. United States v. Davenport*, 9 M.J. 364 (C.M.A. 1980). Because the military judge properly inquired and received assurances from appellant that no *sub rosa* agreements existed, we will not consider inconsistent post-trial assertions. Accordingly, Issue I is without merit.

## II

In light of *United States v. Brown*, 19 M.J. 63 (C.M.A. 1984), we conclude that specification 1 of the Charge (possession of .76 grams of marihuana with intent to distribute) is multiplicious for findings with specification 2 of the charge (distribution of .76 grams of marihuana), but that appellant was not prejudiced as to sentence by this multiplicity.

The decision of the United States Navy-Marine Corps Court of Military Review is reversed as to specification 1 of the Charge; the finding of guilty thereon is set aside; and that specification is dismissed. In all other respects, the decision below is affirmed.

Chief Judge EVERETT concurs.