UNITED STATES, Appellee,

v.

Private E-1 Joseph M. HENDERSON, 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, United States Army, Appellant.

SPCM 21682.

U.S. Army Court of Military Review.

10 Feb. 1986.

For Appellant: Captain Stephen W. Bross, JAGC (argued); Lieutenant Colonel Paul J. Luedtke, JAGC, Major Edwin D. Selby, JAGC (on brief).

For Appellee: Captain Joseph P. Falcone, JAGC (argued); Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC (on brief).

Before MARDEN, PAULEY, and De GIULIO, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Judge:

In accordance with his pleas, appellant was found guilty by a special court-martial composed of officers for distribution of marijuana. He was sentenced to a bad-conduct discharge, confinement for three months, a forfeiture of $413.00 pay for three months, and reduction to Private E-1. Pursuant to a pretrial agreement, the convening authority approved a bad-conduct discharge, confinement for three months, and forfeiture of $382.00 pay per month for three months. The forfeiture provision of the sentence is the subject of the alleged error. Appellant alleges that, by approving forfeitures of $382.00 pay per month for three months, the convening authority raised the forfeiture portion of the sentence. We agree.

At trial, the president of the court announced the following sentence: "To forfeiture [sic] of $413.00 pay for three months...." The forfeiture provision of the sentence worksheet, appellate Exhibit VII, reads, "To forfeit $413 pay per month for 3 months." The staff judge advocate, in his recommendation to the convening authority, did not address the discrepancy between the announced sentence and the sentence reflected on the worksheet but stated that the court imposed a sentence of forfeiture of $413.00 pay per month for three months. Referring to the forfeiture portion of the sentence in a petition for clemency, trial defense counsel stated that the accused's sentence included a "forfeiture of $413.00 pay per month for three (3) months." The convening authority approved a sentence which included forfei-

tures of $382.00 pay per month for three months as recommended by the staff judge advocate. The terms of the pretrial agreement included a provision that the convening authority would not approve a forfeiture in excess of $382.00 pay per month for four (4) months.

The government contends that the record as a whole, to include the sentence worksheet and the agreement of trial defense counsel with the recommendation of the staff judge advocate, indicates that the president of the court "misspoke" while reading the worksheet and that "the record clearly demonstrates the forfeiture is to be applied on a monthly basis."[1]

 Generally, when an announced sentence does not include the words "pay per month" in the forfeiture provision, the amount announced is the total amount to be forfeited. *United States v. Johnson*, 32 C.M.R. 127 (C.M.A.1962); *United States v. Smith*, 43 C.M.R. 660 (A.C.M.R.1971). That does not preclude correction of a sentence which is erroneously announced. A "slip of the tongue" can be corrected. Rules for Courts-Martial 1007(b), Manual for Courts-Martial, 1984.[2] After authentication, the convening authority can order a proceeding in revision to correct the record. Article 60(e)(2), Uniform Code of Military Justice, 10 U.S.C. § 860(e)(2); *United States v. Roman*, 46 C.M.R. 78, 81 (C.M.A. 1972); *United States v. Liberator*, 34 C.M.R. 279 (C.M.A.1964); *United States v. Robinson*, 15 C.M.R. 12 (C.M.A.1954).

In the case before us the proper procedures to correct a possible erroneous announcement of sentence were not followed. Indeed, the staff judge advocate's

recommendation erroneously advised the convening authority as if the words "pay per month" had been included in the court's announced sentence. The convening authority's action erroneously approved forfeitures greater than that announced by the court. We will correct the error by affirming a sentence which includes forfeitures no greater than that announced by the court and which could properly have been approved by the convening authority.

The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for three (3) months, and forfeiture of $413.00.

Senior Judge MARDEN and Judge PAULEY concur.

1. Appellee apparently bases its position on two unpublished decisions of this Court which affirmed a sentence to forfeiture where the convening authority, in his action, inserted the terms "per month." *United States v. Datema,* SPCM 21367 (ACMR 27 Sep. 1985) (unpub.); *United States v. Womack,* SPCM 20616 (ACMR 31 Aug. 1984) (unpub.). These opinions cite as authority *United States v. Walker,* 9 M.J. 892 (A.F.C.M.R.1980). We will not follow these decisions because we believe they are based upon an erroneous application of *Walker.*

2. RCM 1007(b), MCM, 1984, provides:
If the announced sentence is not the one actually determined by the court-martial, the error may be corrected by a new announcement made before the record of trial is authenticated and forwarded to the convening authority. This action shall not constitute reconsideration of the sentence. If the court-martial has been adjourned before the error is discovered, the military judge may call the court-martial into session to correct the announcement.