UNITED STATES

v.

Staff Sergeant Michael F. UPCHURCH,
FR 315–48–1986, United
States Air Force.

ACM 24686 (f rev).

Air Force Court of Military Review.

4 Sept. 1986.

Appellate Counsel for the Appellant:
Colonel Leo L. Sergi.

Appellate Counsel for the United States:
Colonel Kenneth R. Rengert and Major Joseph S. Kistler.

Before HODGSON, FORAY and
MICHALSKI, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

FORAY, Senior Judge:

This case is once again before us for review. We had previously had this case submitted to us on its merits and affirmed the approved findings of guilty and sentence as being correct in law and fact in an unpublished opinion. *United States v. Upchurch*, No. 24686 (A.F.C.M.R. 22 March 1985). On 20 August 1985, appellant submitted a timely petition for a grant of

review of our decision to the Court of Military Appeals pursuant to Article 67(c)(1). That Court granted appellant's petition [1] on 9 January 1986, upon the following issue raised by appellate defense counsel:

WHETHER THE APPELLANT WAS DENIED THE CONVENING AUTHORITY'S PERSONAL CONSIDERATION OF THE APPELLANT'S THREE SEPARATE OFFERS FOR A PRETRIAL AGREEMENT.

On 16 July 1986, the Court of Military Appeals [2] ordered our decision in the case set aside and the record of trial returned to The Judge Advocate General for resubmission to this Court for consideration of the newly-raised issue to determine whether appellant is entitled to any relief.[3] The record of trial was returned to us pursuant to the Court's order on 23 July 1986.

Our review of the post-trial affidavits submitted by both parties regarding this issue convinces us that appellant had submitted only two pretrial agreement offers to the convening authority. The first of these offers was submitted to the convening authority by the appellant on 21 September 1984. In it appellant agreed to plead guilty to all the remaining charges and specifications if the convening authority would undertake to dismiss one charge and its specification and agree that the approved sentence would not exceed a dishonorable discharge, confinement for 54 months, forfeiture of all pay and allowances, and reduction to airman basic. The second of these offers was submitted by appellant to the convening authority on 24 September 1984. In this offer appellant agreed once again to plead guilty to the same charges and specifications if the convening authority, this time, undertook to approve a sentence that would not exceed a dishonorable discharge, confinement for 66 months, forfeiture of all pay and allowances, and reduction to the grade of airman basic. Like the terms of the first offer, the convening authority was also to undertake to dismiss one of the charges and its specification. Both of these pretrial agreement offers were signed by appellant and his counsel, but neither contains the signature and recommendation of the convening authority's staff judge advocate nor the signature of the convening authority and his approval and acceptance or his disapproval.

It is clear from the post-trial affidavits submitted on this issue that both of the pretrial agreement offers in question were submitted by appellant and were received in the office of the staff judge advocate for the convening authority. Not so clear, however, is the manner in which they were concluded. Appellant claims they were never submitted to the convening authority for his personal consideration and action. This alleged failure is the primary basis of appellant's complaint on appeal.

■ The rules regarding pretrial agreements are found in R.C.M. 705. R.C.M. 705(a) states, generally:

Subject to such limitations as the Secretary concerned may prescribe, an accused and the convening authority may enter into a pretrial agreement in accordance with this rule.

The limitations prescribed by the Secretary of the Air Force are found in Air Force Regulation (A.F.R.) 111-1, Military Justice Guide (1 August 1984), paragraph 4-5. It is clear from both R.C.M. 705(d)(4) and A.F.R. 111-1, paragraphs 4-5a, b, and c, that the decision to accept or reject a pretrial agreement offer submitted by an accused is within sole discretion of the convening authority. *See United States v. Caruth,* 6 M.J. 184 (C.M.A. 1979).

The chief of military justice for the staff judge advocate to the convening authority at the time appellant's pretrial agreement offers were submitted has set forth his recollection of the facts surrounding the processing of the offers in a post-trial affi-

---

1. 21 M.J. 403.

2. 22 M.J. 385.

3. The newly-raised issue involved a question of fact which had not been previously considered by any fact finder. We must now exercise our factfinding powers under Article 66(c), U.C.M.J., to consider this newly-raised issue.

davit. He states that each offer submitted by appellant and received in his office in September 1984, was withdrawn by appellant through counsel either by submission of a subsequent offer or by appellant's counsel representing to him that appellant could not abide by the terms of the offer or offers. A post-trial affidavit of the current chief of military justice reveals that his review of the file in this case did not disclose any evidence as to whether or not the appellant's September 1984 pretrial agreement offers were acted upon by the convening authority.

The post-trial affidavit submitted by appellant's trial defense counsel states that the 21 September pretrial agreement offer was not withdrawn by her or the appellant. With regard to this offer she states she had been informed by someone in either the base legal office or the office of the staff judge advocate for the convening authority that the offer had been "turned down." As a result of this rejection, she states, the 24 September pretrial agreement offer was submitted by appellant. She claims that during a discussion she had with the staff judge advocate to the convening authority he told her that he did not think the convening authority would approve the 24 September offer nor did he wish to submit it to the convening authority for his review. She further claims that because of the staff judge advocate's reluctance to submit that offer to the convening authority she, after consultation with appellant, withdrew the offer.

█ After reviewing all the circumstances surrounding appellant's claim of error, we find that he was denied the opportunity to have the convening authority personally act upon his two offers of pretrial agreement.[4] Many factors support our finding. Neither offer contains the signature of the convening authority nor of a person, such

as the staff judge advocate or trial counsel, authorized by him to sign. R.C.M. 705(d)(4); A.F.R. 111-1, paragraph 4-5b. The post-trial affidavits of the present and former chiefs of military justice also indicate the offers were never submitted to the convening authority for his personal consideration regarding approval or rejection of the offers. Further, appellant's trial defense counsel was told by the staff judge advocate for convening authority that he was reluctant to submit the 24 September agreement offer to the convening authority.

█ We are mindful that appellant's submission of the 24 September offer may be construed as a withdrawal of his 21 September offer and that his trial defense counsel's post-trial affidavit indicates that the 24 September offer was withdrawn. We find that these "withdrawals" were not based upon the full knowledge of the facts on the part of the appellant and his counsel, but, based upon misleading representations made to them by representatives of the Government. We will not penalize appellant for the Government's failure to follow the prescribed Manual and regulatory provisions regarding pretrial agreements. R.C.M. 705; A.F.R. 111-1, paragraph 4-5. Also militating against withdrawal of the offers is the fact that the appellant pleaded guilty at his trial[5] in a manner substantially similar to what he had agreed to do in his offers. He had pleaded guilty to ten offenses and not guilty to two which were later withdrawn after arraignment. This action on the part of appellant hardly seems consistent with a refusal to abide by the terms of the agreement offers he had submitted.

Accordingly, we will provide appellant with the relief he seeks. The findings of guilty and only so much of the sentence[6]

---

4. Appellant claims that three pretrial agreement offers were submitted by him to the convening authority. We find no credible evidence to support a finding that a "third" agreement had been offered.

5. At trial, trial defense counsel announced that there was no pretrial agreement in the case.

*See United States v. Muller,* 21 M.J. 205 (C.M.A. 1986).

6. The adjudged and approved sentence in this case extended to a bad conduct discharge, confinement for six years, and reduction to the grade of airman basic.

as provides for bad conduct discharge, confinement for 54 months, and reduction to the grade of airman basic are

AFFIRMED.

Chief Judge HODGSON and Judge MICHALSKI concur.