**UNITED STATES**

**v.**

**Mark D. CARTER, 499 78 9662, Aviation Antisubmarine Warfare Operator Airman (E–3), U.S. Navy.**

**NMCM 88 3454.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 3 June 1988.

Decided 30 Nov. 1988.

Lt. Daniel W. Dooher, JAGC, USNR, Appellate Defense Counsel.

Capt. Wendell A. Kjos, JAGC, USN, Appellate Government Counsel.

Before COUGHLIN, STRICKLAND and RUBENS, JJ.

RUBENS, Judge:

In accordance with his pleas by exceptions and substitutions, appellant was convicted of one specification of use of cocaine and one specification of distribution of cocaine, both in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The military judge sentenced appellant to confinement for four months, forfeiture of $425.00 pay per month for two months, reduction to pay grade E–1, and discharge from the Naval Service with a bad-conduct discharge. The convening authority approved the sentence as adjudged and, in partial compliance with the pretrial agreement, suspended that portion of the adjudged confinement in excess of 90 days for a period of 12 months from the date of trial. He failed, however, to comply with the pretrial agreement with respect to suspension of a portion of the adjudged forfeitures. This failure stemmed from the faulty staff judge advocate's recommendation. *See* Rule for Courts–Martial (R.C.M.) 1106, Manual for Courts–Martial (MCM), United States, 1984. Furthermore, the trial defense counsel

failed to respond to this error in accordance with R.C.M. 1106(f)(4), MCM, 1984. Finally, the appellant defense counsel did not assign this error for our consideration upon review. Nevertheless, we will correct this error by providing the appellant the benefit of his pretrial agreement.

■ It is also noted that the forfeiture provision in the pretrial agreement was drafted inartfully. That provision states, *inter alia*, that "any forfeiture exceeding one half months pay for a period of 3 months" will be suspended for 12 months. Appellate Exhibit II. The words "months pay for" do not mean the same thing as the words "months pay per month for". In the absence of the words "per month", such a forfeiture provision has been judicially interpreted as a "lump sum" amount or maximum allowable amount; it is not the amount that is to be taken from a member's pay each and every month. *United States v. Johnson*, 13 U.S.C.M.A. 127, 32 C.M.R. 127 (1962). Therefore, when a member has been reduced to pay grade E–1 with a base pay of $608.00 a month, the total forfeiture allowed, pursuant to the terms of this pretrial agreement, is $304.00 (i.e., one-half of one month's pay). The accompanying words "for a period of 3 months" merely provide a permissible time frame in which this "lump sum" amount can be taken out of the member's monthly pay. *United States v. Rios*, 15 U.S.C.M.A. 116, 35 C.M.R. 88 (1964).

■ Despite the prior appellate interpretation of the identical language used in the forfeiture provision in this pretrial agreement, the military judge interpreted this provision on the record to include the words "per month". Even though the judge's interpretation of the forfeiture provision differed from the interpretation ordinarily given this language, both counsel and the appellant affirmatively agreed with the judge's interpretation. R. 32–33. The Government and the appellant must now be held to the understanding of the pretrial agreement that was evidenced on the record. *United States v. Muller*, 21 M.J. 205 (C.M.A.1986). Thus, the convening authority after approving the adjudged forfeiture of $425.00 pay per month for two months, should have suspended any forfeiture in excess of $304.00 pay per month for two months.

■ We can now correct the error by enforcing compliance with the pretrial agreement as interpreted at trial. *United States v. Schaller*, 9 M.J. 939 (N.C.M.R. 1980).[1] Accordingly, the findings and sentence are affirmed. In addition to the suspension of confinement in excess of 90 days as ordered by the convening authority, the forfeitures in excess of $304.00 pay per month for two months are also suspended for a period of 12 months from the date of trial.

Senior Judge COUGHLIN and Judge STRICKLAND concur.

---

1. This Court normally does not have the authority to suspend any portion of an adjudged sentence except in cases where the convening authority was required to suspend by the terms of the pretrial agreement but failed to do so. *United States v. Cox*, 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972); *United States v. Bernard*, 11 M.J. 771 (N.M.C.M.R.1981).