**UNITED STATES, Appellee,**

v.

**Specialist Raymond L. HAGGARD, 453–11–3698, United States Army, Appellant.**

**ACMR 8802503.**

U.S. Army Court of Military Review.

14 Dec. 1989.

For Appellant: Captain Thomas A. Sieg, JAGC, Captain Alan M. Boyd, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Martin D. Carpenter, JAGC, Major James L. Edwards, JAGC USAR (on brief).

Before KANE, GILLEY and NEURAUTER, Appellate Military Judges.

OPINION OF THE COURT

NEURAUTER, Judge:

At his general court-martial, the appellant pleaded guilty to uttering worthless checks by dishonorably failing to maintain sufficient funds, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for six months, forfeiture of all

pay,[1] reduction to the grade of Private E1, a fine in the amount of $500.00, and to be further confined until the fine is paid, but not more than an additional six months.

On appeal, appellant asserts the following error:

THE CONVENING AUTHORITY'S ACTION IS INCOMPLETE IN THAT IT FAILS TO CORRECT ERROR BY COURT MEMBERS IN SENTENCING APPELLANT TO A PARTIAL FORFEITURE WITHOUT STATING THE EXACT AMOUNT TO BE FORFEITED EACH MONTH AND THE NUMBER OF MONTHS THE PARTIAL FORFEITURES WILL LAST AS REQUIRED BY R.C.M. 1003(B)(2).

In alleging that the sentence of the trial court amounts to only a partial forfeiture, appellate defense counsel requests this court to affirm only a forfeiture of $671.00 pay per month for one month.

Judge Jacobsen gave the following instruction concerning the punishment of forfeitures:

In this regard, you can, if you determine that a forfeiture of pay is appropriate, but you would like to have the accused maintain some allowances, you may *sever that portion of the fines worksheet (sic) out into just forfeiture of pay.* If you determine that he should be deprived of both the pay and allowances, then you should find accordingly (emphasis added).

The members subsequently sentenced appellant, *inter alia,* "to forfeit all pay." Item 5 of the sentence worksheet (Appellate Exhibit XI) originally read "To forfeit all pay and allowances." Apparently, the president of the court-martial had crossed out the words "and allowances" prior to announcing sentence in this case. It is obvious that the members desired that appellant receive his allowances and tailored a sentence to accomplish that purpose.

Appellant's argument hinges on whether the forfeiture adjudged by the court is in fact a partial or total forfeiture under the

terms of R.C.M. 1003(b)(2). Appellant correctly asserts that if the forfeiture adjudged is partial, since the number of months the forfeiture will last is not specified, the forfeiture may only run for a period of one month. *United States v. Hancock,* 7 M.J. 857 (A.C.M.R.1979); *United States v. Polk,* 48 C.M.R. 993 (A.F.C.M.R.1974).

The issue presented by this case has apparently not been addressed by this Court. We disagree, however, with appellant's conclusion and hold that, under the circumstances of this case, the forfeiture, as adjudged, is not prohibited by the terms of the Manual for Courts–Martial, and effectively results in forfeiture of all pay until execution of the bad-conduct discharge.

In *United States v. Belcher,* 20 M.J. 13 (C.M.A.1985), the sentence included a provision to "forfeit all pay." The Court of Military Appeals, in a summary disposition, reversed, in part, the findings of guilty in that case but affirmed the remaining findings of guilty and the sentence. In a footnote, the Court addressed the forfeiture:

As to whether this forfeiture includes allowances, *see* para. 126h(2)–second and third sentences, Manual for Courts–Martial, United States, 1969 (Revised edition); the definition of "total forfeitures" in *United States v. Koepnick,* 40 C.M.R. 441, 443 (A.B.R.1968); and *United States v. Johnson,* 13 U.S.C.M.A. 127, 32 C.M.R. 127 (1962). *See also R.C.M. 1003(b)(2), Manual for Courts–Martial, United States, 1984.* There is no claim that this appellant was deprived of any allowances because of this forfeiture (emphasis added).

The case of *United States v. Johnson,* 32 C.M.R. 127 (C.M.A.1962), involved a partial forfeiture where the trial court adjudged, as part of the sentence, a forfeiture of "$70.00 pay for six months." The issue, unlike in this case, concerned the omission of the words "per month" from that forfei-

---

1. The original promulgating order in this case reflected an adjudged sentence of forfeiture of all pay and allowances (in addition to the other portions of the sentence already mentioned). A corrected copy was prepared and appended to the record which states "... to forfeit all pay."

ture provision. The holding in *United States v. Koepnick*, 40 C.M.R. 441 (A.B.R. 1968), is more relevant to the issue now before us. There, the board of review concluded that the law officer erred when he informed the court members that total forfeiture meant "forfeiture of all pay." The court further held that, while in its broadest sense, the word "pay" may be said to include allowances, this meaning is contrary to military usage and understanding.

Despite the language and holding of the court in the *Koepnick* case, we prefer to decide this case based upon the military judge's specific instruction, the clear intent of the members, and the language of R.C.M. 1002 as well as R.C.M. 1003(b)(2).

R.C.M. 1002 provides that:

Subject to limitations in this Manual, the sentence to be adjudged is a matter within the discretion of the court-martial; except when a mandatory minimum sentence is prescribed by the code, a court-martial may adjudge any punishment authorized in this Manual, including the maximum punishment of any lesser punishment, or may adjudge a sentence of no punishment.

Arguably, the one limitation that applies to the forfeiture adjudged in this case is the following language in R.C.M. 1003(b)(2):

Unless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last.

Under the circumstances presented here, we hold that forfeiture of all pay constitutes a "total forfeiture" under the provisions of R.C.M. 1003(b)(2) and may be approved, as adjudged, by the convening authority. The sentence adjudged in this case, including the forfeitures, is certainly below the maximum, that is, forfeiture of all pay and allowances, which the trial court could adjudge. The military judge's instruction to the members was without

ambiguity, and the members clearly intended that appellant should retain his allowances but not receive any of his basic pay.[2] Moreover, that sentence in the Manual addresses the forfeiture of pay rather than allowances because the sentencing authority never addresses allowances in terms of a precise number of dollars; in other words, a forfeiture of allowances has always been total, and there was no need to address it.

The findings of guilty and the sentence are affirmed.

Senior Judge KANE and Judge GILLEY concur.

---

2. The *Department of Defense Military Pay and Allowances Entitlements Manual,* para. 70501d, dated 9 March 1987, provides that allowances are forfeited *only* when a sentence by a general court-martial includes forfeiture of all pay *and allowances* (emphasis added). Thus, it appears that a soldier may continue to collect allowances while forfeiting all basic pay.