**UNITED STATES**

v.

**Antonio G. NIMMONS, Jr., Private First Class (E–2), U.S. Marine Corps.**

**NMCM 200101940.**

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 27 March 2001.

Decided 26 Aug. 2003.

Maj Eric P. Gifford, USMC, Appellate Defense Counsel.

LT Lori McCurdy, JAGC, USNR, Appellate Government Counsel.

Before PRICE, Senior Judge, HARRIS, and REDCLIFF, Appellate Military Judges.

PRICE, Senior Judge:

The appellant was convicted of larceny (two specifications), forgery (two specifications), and making and uttering worthless checks, in violation of Articles 121, 123, and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923, and 923a. A military judge, sitting as a special court-martial, sentenced the appellant to confinement for 3 months, reduction to pay grade E–1, "forfeiture of two-thirds pay for 3 months" and a bad-conduct discharge. Record at 73. The convening authority approved the sentence as adjudged.

Although not assigned as error, we note that the military judge failed to state the amount of adjudged forfeitures in whole dollars when he announced the sentence, as required by RULE FOR COURTS-MARTIAL 1003(b)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.). He also introduced an element of ambiguity into the sentence by failing to include the words "per month." Given the convening authority's failure to correct and clarify the sentence in taking action, we will do so in our decretal paragraph. *United States v. Johnson,* 13 C.M.A. 127, 128, 32 C.M.R. 127, 128, 1962 WL 4462 (1962); *United States v. Burkett,* 57 M.J. 618, 619–21 (C.G.Ct.Crim.App.2002). Once again, we remind all military judges to pay attention to detail on the announcement of forfeitures.

In his sole assignment of error, the appellant contends that part of his guilty plea to forgery was improvident, because no writing or signature was used to commit the offense. Specifically, the appellant asserts that by merely calling Sprint and giving a stolen check number and account information to pay for a cellular telephone, he did not commit the offense of forgery. We agree with the appellant's contention.

With that exception, we conclude that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

**Providence of Guilty Plea—The Essential Element of a Writing or Signature in the Crime of Forgery**

In Charge I, Specification 1, under Article 121, UCMJ, 10 U.S.C. § 921, the appellant was charged with stealing U.S. currency of a value of $2,342.40 from his roommate, Private First Class (PFC) Maxfield. In Charge II, Specification 1, under Article 123, the

appellant was charged with falsely making and uttering 19 checks.

According to the stipulation of fact and the providence inquiry, the basis for these charges may be summarized as follows. The appellant stole PFC Maxfield's checkbook containing a number of unused blank checks. Over the course of about one month, the appellant forged PFC Maxfield's signature upon the paper checks and used those checks to wrongfully obtain cash and purchase various items of merchandise. The grand total of these transactions was $2,342.40.

For check # 0115, however, the appellant's actions departed from his usual modus operandi. As the appellant explained to the military judge:

> I called Sprint PCS and told them that I needed to make a payment for my phone. They asked me how, and I told them Check by Phone. They asked me my information, and I gave them my information, my phone number and what check number I would like to use. I gave them the check number and they verified it with the bank, and it went through.

Record at 29. The military judge later continued the colloquy:

> MJ: And on each and every one of those checks, did you physically sign Aaron A. Maxfield's signature?
>
> ACC: All but 0115, sir.
>
> MJ: On all but 0115 was that signature a forgery?
>
> ACC: Yes, sir.

*Id.* at 30. Nothing in the record indicates that the paper check numbered 0115 or any other writing was ever forwarded to Sprint or used in any other way by the appellant for this particular transaction.

Article 123 of the UCMJ, 10 U.S.C. § 923 states:

> Any person subject to this chapter who, with intent to defraud—
>
> (1) falsely makes or alters any signature to, or any part of, any writing which would, if genuine, apparently impose a legal liability on another or change his legal right or liability to his prejudice; or

> (2) utters, offers, issues, or transfers such a writing, known by him to be so made or altered; is guilty of forgery and shall be punished as a court-martial may direct.

The essential elements of this offense of forgery include, in pertinent part, that the accused falsely made and uttered "a certain signature or writing." MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), Part IV, ¶ 48b. In this case, as to that part of Specification 1 of Charge II referencing "Check # 0115 (electronic)," there was no signature or writing. Charge Sheet. Notwithstanding this discrepancy, the Government argues that the appellant essentially forged the signature of PFC Maxfield by telephone. In relying on this theory of an "electronic signature," the Government cites the case of *United States v. Miller,* 70 F.3d 1353 (D.C.Cir. 1995).

In *Miller,* the defendant wrongfully used his employer's automatic teller machine (ATM) card and associated personal identification number (PIN) to withdraw cash from the employer's bank account. He was convicted of bank fraud and access device fraud under 18 U.S.C. § 1344 and 18 U.S.C. § 1029(a)(2), respectively. On appeal, the defendant contended that the evidence was insufficient to establish the element of misrepresentation. In rejecting that argument, the court concluded that by inserting the ATM card into the ATM and punching in the PIN, the defendant misrepresented his authority to withdraw funds from his employer's account. The court then made the following comment:

> What he did ... was to enter [the employer's] PIN, which acts as a sort of electronic signature authorizing an ATM to release available funds. That he did so without [the employer's] knowledge or permission is tantamount to cashing a check with a forged signature—conduct we have expressly held violates section 1344(2).

*Miller,* 70 F.3d at 1355. We note that, on these facts, if properly charged under the Uniform Code of Military Justice, the defendant would be convicted of larceny by wrongful obtaining, not forgery. Thus, we are not inclined to apply this language of the Court of Appeals for the D.C. Circuit in what

amounted to a larceny case to the forgery issue before us.

As our superior court observed in a landmark forgery decision, "there is no federal common-law counterpart to Article 123. Rather, many specific forgery-like offenses are denounced in various sections of the United States Code." *United States v. Thomas*, 25 M.J. 396, 398 (C.M.A.1988). The court went on to emphasize that these federal offenses, created by statute, lack the UCMJ requirement that the writing "apparently impose a legal liability on another or change his legal right or liability to his prejudice." *Id.* By the same token, 18 U.S.C. § 1344 (bank fraud) lacks any requirement of writing or signature inherent in the common-law offense of forgery and as codified in Article 123, UCMJ.

The Government argues that by calling Sprint and using check # 0115 as described above, the appellant actions were "tantamount to presenting the check in person, and should be found to satisfy the 'signature' requirement of Article 123." Government Answer of 25 Nov 2002 at 3–4. We understand this argument to be an invitation to ignore the plain language of the UCMJ and the Manual for Courts–Martial (MCM) and make new law. As an intermediate appellate court created to correct prejudicial error and ensure that findings and sentences are correct when viewed in the context of existing law, *see* Articles 59(a) and 66(c), UCMJ, we respectfully decline the Government's invitation. Both the UCMJ and the MCM require either a writing or a signature for a forgery conviction. Inasmuch as neither a writing nor a signature was used in this telephone transaction, we conclude that there is a substantial basis to question the providence of this part of the guilty plea to forgery. *See United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991).

### Conclusion

Accordingly, the finding of guilty of the words and figures "0115 (electronic) 5 Oct 00 $206.73" in Charge II, Specification 1 is set aside and that language is dismissed. The remaining findings are affirmed. We have reassessed the sentence in accordance with *United States v. Cook*, 48 M.J. 434, 438 (C.A.A.F.1998), *United States v. Peoples*, 29 M.J. 426, 428 (C.M.A.1990), and *United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A. 1986). Having done so, we conclude that the original sentence is appropriate and no greater than the sentence that would have been adjudged if the language had not been part of the findings of guilty. However, to correct the error of the military judge in announcing the sentence, we affirm only so much of the sentence extending to confinement for 3 months, reduction to pay grade E–1, forfeiture of $695.00 pay for one month, and a bad-conduct discharge.

Judge HARRIS and Judge REDCLIFF concur.