UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
Washington, D.C.

UNITED STATES

v.

Brandon L. SNOW
Seaman (E-3), U.S. Coast Guard

CGCMS 24452

Docket No.  1344

12 January 2012

Special Court-Martial convened by Commander, Coast Guard Telecommunication and Information Systems Command.  Tried at Arlington, Virginia, on 28 September 2010 and 9 December 2010.

| | |
|---|---|
| Military Judge: | CDR Amy E. Kovac, USCG |
| Trial Counsel: | LT Michael O. Walker, USCGR |
| Assistant Trial Counsel: | LCDR Eric D. Masson, USCG |
| Defense Counsel: | LT Jessica J. Burrell, JAGC, USN |
| Appellate Defense Counsel: | LT Lynn A. Buchanan, USCGR |
| Appellate Government Counsel: | LT Frances S. Johnson-Gillion, USCGR |

BEFORE
McCLELLAND, McTAGUE & HAVRANEK
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of conspiracy to possess marijuana, in violation of Article 81, Uniform Code of Military Justice (UCMJ); one specification of wrongfully possessing marijuana, one specification of wrongfully using marijuana, one specification of wrongfully possessing anabolic steroids, one specification of wrongfully using anabolic steroids, and one specification of wrongfully distributing anabolic steroids, all in violation of Article 112a, UCMJ; five specifications of larceny, in violation of Article 121, UCMJ; and one specification of assault, in violation of Article 128, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months,

forfeiture of two-thirds pay for five months[1], and reduction to E-1. The Convening Authority approved the sentence as adjudged except for confinement in excess of three months, and suspended the forfeitures for six months in accordance with the pretrial agreement.

Before this Court, Appellant moved to withdraw the case from appellate review. Having discovered a deficiency in the providence inquiry for the conspiracy charge, we deny the motion. We consider the case on its merits, since no assignments of error have been submitted.

Under Charge I Specification 5, Appellant pleaded guilty to conspiring with a Seaman Morales to possess marijuana in June 2009. The military judge began the providence inquiry for this specification as follows:

> The elements are that about June 2009, you entered an agreement with Seaman Morales to purchase or obtain marijuana, which is a controlled substance, an offense under the UCMJ; and while the agreement continued to exist, and while you remained a party to the agreement, Seaman Morales performed the overt act alleged – that is, purchased marijuana from a third party for the purpose of bringing about the object of the agreement.
>
> . . . .
>
> Let me rephrase those elements, to . . . make it clear for the record: That on or about June 2009, at or near Alexandria, Virginia, that you entered into an agreement with Seaman Morales of the U.S. Coast Guard to commit an offense under the Uniform Code of Military Justice, to wrongfully possess some amount of marijuana – to conspire to possess some amount of marijuana; that while the agreement continued to exist, and while the Accused remained a party to the agreement, you, or Seaman Morales – specifically , in this instance, Seaman Morales – performed an overt act alleged; that is, that he contacted a third party to bring about the object of the agreement.

(R. at 29-30.)

---

[1] Forfeitures should be announced as a specific dollar amount per month for a specified number of months. Rule for Courts-Martial 1003(b)(2), Manual for Courts-Martial, United States (2008 ed.). Omission of the words "per month" in the sentence in this case meant that Appellant would forfeit two-thirds of a single month's pay spread over five months. *United States v. Burkett,* 57 M.J. 618, 620-21 (C.G. Ct. Crim. App. 2002) (citing *United States v. Johnson*, 13 USCMA 127, 32 CMR 127, 128 (1962)). Whether or not this was what the military judge intended, it makes no difference since the forfeitures were suspended and apparently the suspension was never vacated.

The military judge elicited agreement of counsel with this statement of the elements.  She continued:

> Seaman Snow, there are some definitions and – that go along with that.  First, proof that the offense to purchase marijuana actually occurred is not required.  However, it must be proved beyond a reasonable doubt that the agreement included every element of the offense to actually try and purchase marijuana.

(R. at 30.)  The military judge never elaborated on that last sentence, and never provided the elements of the offense that Appellant and Seaman Morales had agreed to commit.

Since the Court of Military Appeals decided *United States v. Care*, 18 USCMA 535, 40 C.M.R. 247 (1969), it has been well known that the elements of an offense to which an accused is pleading guilty must be explained to the accused on the record.  *Care*, 18 USCMA at 541, 40 C.M.R. at 253.

The Military Judges' Benchbook, DA Pamphlet 27-9, prescribes that following the two elements of conspiracy as stated earlier, "[t]he elements of the offense which the accused is charged with conspiracy to commit" are to be stated.  Benchbook § 3-5-1 (2010).  The military judge did not do so.  Thus, Appellant was not told some of the elements of the offense to which he was pleading guilty.  In short, the elements of conspiracy include the elements of the offense allegedly agreed to be committed, and the military judge's failure to provide them renders Appellant's plea improvident.

We will set aside the findings of guilty of the conspiracy charge and specification.  We are confident that the military judge would not have adjudged a different sentence without this charge and specification.

We note that Appellant's possession of marijuana was purely incident to his use of marijuana, according to his testimony in the providence inquiry.  (R. at 42-45, 49-54, 58-62.)  As in *United States v. Bullington*, 18 M.J. 164, 164 (C.M.A. 1984), "each possession was included in and multiplicious with the related use."  Accordingly, we will dismiss Specification 1 of Charge II, the possession specification.  We are confident that this specification made no difference to the sentence.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty of Charge I and its specification and Specification 1 of Charge II are set aside, and that charge and those two specifications are dismissed. The remaining findings and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the remaining findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

John T. Ure
Clerk of the Court