# UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**DANIEL L. MOSS**
**CULINARY SPECIALIST SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201400286**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 2 May 2014.
**Military Judge:** LtCol C.J. Thielemann, USMC.
**Convening Authority:** Commander, Navy Region Northwest, Silverdale, WA.
**Staff Judge Advocate's Recommendation:** CDR E.K. Westbrook, II, JAGC, USN.
**For Appellant:** CDR Ricardo A. Berry, JAGC, USN.
**For Appellee:** LCDR Keith B. Lofland, JAGC, USN; LT Ann E. Dingle, JAGC, USN.

**23 December 2014**

---
**OPINION OF THE COURT**
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as general court martial convicted the appellant, pursuant to his pleas, of four specifications of violating a general order or regulation (Sexual Harassment), and four specifications of assault consummated by a battery, in violation of Articles 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 928. The military judge sentenced the appellant to twenty months' confinement, reduction to pay

grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and, except for the bad-conduct discharge, ordered it executed. Although the CA was obligated, pursuant to a pretrial agreement (PTA), to suspend all confinement in excess of nine months for the period of confinement served plus six months thereafter, and to defer automatic forfeitures pursuant to Article 58(a), UCMJ, until the date of the CA action, and then waive them for a period of six months thereafter, the CA's action did not do either.

On appeal, the appellant alleges that the CA's action fails to implement the terms of the pretrial agreement. However, the appellant also noted in his brief that the brig is "calculating Appellant's release date in conformity with the PTA [and that his] dependent spouse is being paid by allotment in conformity with the PTA." Appellant's Brief of 22 Sep 2014 at 5 n.1. After carefully considering the record of trial, the appellant's assignments of error, and the Government's response, we conclude that the findings and sentence are correct in law and fact and that following our corrective action no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

An appellant who pleads guilty pursuant to a PTA is entitled to the fulfillment of any promises made by the Government as part of that agreement. *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971); *United States v. Smith*, 56 M.J. 271, 272 (C.A.A.F. 2002). Here, the CA erred by failing to comply with the terms of the PTA in his action. This court has the authority to enforce the agreement and will correct the error in our decretal paragraph. *United States v. Cox*, 46 C.M.R. 69, 72 (C.M.A. 1972); *United States v. Carter*, 27 M.J. 695, 697 n.1 (N.M.C.M.R. 1988); *see also United States v. Bernard*, 11 M.J. 771, 772-74 (N.M.C.M.R. 1981).

The findings and the sentence as approved by the CA are affirmed, but all confinement in excess of nine months is suspended for the period of confinement served by the appellant plus six months thereafter; and automatic forfeitures pursuant to Article 58(a), UCMJ, were deferred until the date of

the CA's action, and waived for a period of six months thereafter.

                          For the Court



                          R.H. TROIDL
                          Clerk of Court