# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**GERALD A. FAIRLEY**
**SEAMAN APPRENTICE (E-2), U.S. NAVY**

**NMCCA 201400268**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 15 April 2014.
**Military Judge**: Col Daniel J. Daugherty, USMC.
**Convening Authority**: Commandant, Naval District Washington, Washington, D.C.
**Staff Judge Advocate's Recommendation**: LCDR J.D. Pilling, JAGC, USN; **Addendum**: LT J.T. Taylor, JAGC, USN.
**For Appellant**: LCDR John T. Zelinka, JAGC, USN.
**For Appellee**: Maj Suzanne M. Dempsey, USMC.

**23 December 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as general court martial convicted the appellant, pursuant to his pleas, of three specifications of assault consummated by a battery, in violation of Articles 128, Uniform Code of Military Justice, 10 U.S.C. § 928. The military judge sentenced the appellant to fourteen months confinement, reduction to pay grade E-1, total forfeitures, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and, except for the bad-conduct discharge, ordered

it executed.  Although the CA was obligated, pursuant to a pretrial agreement, to suspend all confinement in excess of six months for the period of confinement served by the appellant plus six months thereafter, the CA's action fails to do so.

On appeal, the appellant alleges that the CA's action is defective and that he is entitled to a new post-trial review or, in the alternative, that he is entitled to have the CA's action accurately reflect the results of his court-martial.  The appellant has not alleged that he was actually required to serve additional confinement as a result of the error.  After carefully considering the record of trial, the appellant's assignments of error, and the Government's response, we conclude that the findings and sentence are correct in law and fact and that following our corrective action no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

An appellant who pleads guilty pursuant to a pretrial agreement is entitled to the fulfillment of any promises made by the Government as part of that agreement. *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971); *United States v. Smith*, 56 M.J. 271, 272 (C.A.A.F. 2002).  Here, the CA erred by failing to comply with the terms of the pretrial agreement in his action.  This court has the authority to enforce the agreement and will correct the error in our decretal paragraph.  *United States v. Cox*, 46 C.M.R. 69, 72 (C.M.A. 1972); *United States v. Carter*, 27 M.J. 695, 697 n.1 (N.M.C.M.R. 1988); *see also United States v. Bernard*, 11 M.J. 771, 772-74 (N.M.C.M.R. 1981).

The findings and the sentence as approved by the CA are affirmed, but all confinement in excess of six months is suspended for the period of confinement served by the appellant plus six months thereafter.

For the Court

R.H. TROIDL
Clerk of Court

2