# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

—————————————

### No. ACM S32373

—————————————

### UNITED STATES
*Appellee*

**v.**

### Jerry G. TOLBERT, Jr.
Senior Airman (E-4), U.S. Air Force, *Appellant*

—————————————

Appeal from the United States Air Force Trial Judiciary

Decided 24 March 2017

—————————————

*Military Judge:* Matthew P. Stoffel.

*Approved sentence:* Bad-conduct discharge, confinement for two months, and reduction to E-1. Sentence adjudged 12 November 2015 by SPCM convened at Davis-Monthan Air Force Base, Arizona.

*For Appellant:* Captain Allen S. Abrams, USAF; Captain Annie W. Morgan, USAF.

*For Appellee:* Captain Tyler B. Musselman, USAF; Ms. Morgan Herrell, Legal Extern;[1] Gerald R. Bruce, Esquire.

Before DUBRISKE, HARDING, and C. BROWN, *Appellate Military Judges.*

Judge C. BROWN delivered the opinion of the court, in which Senior Judge DUBRISKE and Judge HARDING joined.

—————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

—————————————

---

[1] Ms. Herrell was a law student extern with the Air Force Legal Operations Agency and was at all times supervised by attorneys admitted to practice before this court.

C. BROWN, Judge:

At a judge-alone special court-martial, Appellant was convicted, consistent with his pleas, of larceny in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921. The military judge sentenced Appellant to a bad-conduct discharge, confinement for two months, and reduction to E-1. The convening authority approved the sentence as adjudged but, pursuant to a pretrial agreement (PTA), he deferred the reduction in rank and mandatory forfeitures of pay from 17 November 2015 until action pursuant to Articles 57(a)(2) and 58b, UCMJ, 10 U.S.C. §§ 857(a)(2), 858b.[2]

On appeal, Appellant asserts three errors: (1) that the trial counsel's sentencing argument was improper;[3] (2) that the convening authority's action failed to honor the terms of the PTA; and (3) that the record of trial is incomplete because Prosecution Exhibits 5 and 7 are defective.[4] Finding merit to the second assigned error, we affirm only so much of the sentence as calls for a bad-conduct discharge, confinement for 60 days, and reduction to E-1, and order a new court-martial promulgating order. We otherwise find no materially prejudicial error and affirm the findings and sentence as modified.

## I. BACKGROUND

Appellant, who was experiencing personal and financial problems, stole $2,500.00 worth of merchandise from the Davis-Monthan Base Exchange (BX). To effectuate the theft, Appellant's wife placed numerous items in a shopping cart, left the cart inside the BX, and went to talk with Appellant who was sitting in the BX food court with another cart full of unpaid merchandise. At the food court, Appellant covered the items in his cart with a BX shopping bag and construction paper which he had purchased at the BX a few days earlier. Appellant then wheeled the shopping cart to his truck and loaded the stolen items in the vehicle. Appellant returned to the BX where he picked up the cart left by his wife, and again covered the unpaid-for items with the BX bag and construction paper. Appellant pushed the cart past the last point of sale where

---

[2] The convening authority's action was signed on 23 December 2015. The sentence of "two months" of confinement ran from the date adjudged, 12 November 2015. Absent any confinement credit earned, Appellant had the possibility of serving 62 days' confinement.

[3] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[4] The court was subsequently able to access and view the evidence contained on the compact discs labeled Prosecution Exhibits 5 and 7, making this error moot.

Security Forces apprehended him. In total, Appellant stole over 100 items, including an X-box gaming system, women's makeup, a power drill, and a set of gourmet cooking knives.

## II. DISCUSSION

### A. Trial Counsel's Sentencing Argument

Appellant asserts trial counsel injected facts not in evidence during his sentencing argument. Because the contested portion of the argument supported imposition of a bad-conduct discharge, Appellant asks that we not approve the adjudged bad-conduct discharge. We disagree.

While arguing for a punitive discharge, trial counsel stated:

> There is no honor in abusing the trust of your unit. There is no honor in abusing the trust of your wingman. [Appellant]'s actions are not reflective of someone who puts the needs of the Air Force before himself or someone with integrity.

Improper argument is a question of law that is reviewed de novo. *United States v. Pope*, 69 M.J. 328, 334 (C.A.A.F. 2011). Because there was no objection at trial, we review the propriety of trial counsel's argument for plain error. *United States v. Halpin*, 71 M.J. 477, 479 (C.A.A.F. 2013). To prevail under a plain error analysis, Appellant must show "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007) (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

It is well established that while a prosecutor "may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *United States v. Frey*, 73 M.J. 246, 248 (C.A.A.F. 2014) (quoting *Berger v. United State*s, 295 U.S. 78, 88 (1935)). Trial counsel is entitled "to argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *United States v. Baer*, 53 M.J. 235 (C.A.A.F. 2000).

We apply a three-part test to determine whether improper sentencing argument results in prejudice: (1) the severity of the misconduct; (2) the measures adopted to cure the misconduct; and (3) whether we can be confident that Appellant was sentenced on the basis of the evidence alone. *Frey*, 73 M.J. at 249 (citing *Halpin*, 71 M.J. at 480; *United States v. Fletcher*, 62 M.J. 175, 184 (C.A.A.F. 2005)). Appellant bears the burden of persuading the court that all three prongs of the plain error test are satisfied. *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2006).

The Government presented evidence that prior to his larceny, Appellant's unit, aware of his financial issues, used various aid programs to provide Appellant with commissary gift cards worth approximately $900.00, and free school supplies. Despite this aid, Appellant stole $2,500.00 worth of merchandise from the BX. Access to the BX is a privilege provided to members of the Department of Defense allowing them to purchase tax-free merchandise often at lower prices than the general public. Based upon the nature of the offense and the financial aid Appellant's squadron provided him, labeling the crime an abuse of unit trust and not reflective of service before self or integrity, is fair argument. We find no error, plain or otherwise.

## B. Appellant's PTA and the Convening Authority's Action

Appellant asserts the convening authority failed to honor a material term of the PTA when he approved a sentence that included two months' confinement. The PTA required the convening authority to disapprove any adjudged confinement in excess of 60 days and to defer both the reduction in rank and mandatory forfeitures of pay until action. The military judge sentenced Appellant to be confined for a period of "two months." After reviewing the quantum portion of Appellant's PTA, the military judge determined that the convening authority could approve the sentence as adjudged and both parties agreed. Shortly thereafter, during a post-trial session pursuant to Article 39a, UCMJ, 10 U.S.C. § 839a, the military judge clarified that the convening authority was limited to approving no more than 60 days' confinement rather than two months, which might exceed 60 days. Again, both parties agreed with this interpretation.

The staff judge advocate's recommendation (SJAR) advised the convening authority that, pursuant to the PTA, confinement was limited to 60 days and also noted that on 17 November 2015, the convening authority had deferred the reduction in rank and mandatory forfeitures until action. The SJAR then incorrectly recommended the convening authority approve the sentence as adjudged. In clemency, trial defense counsel asked for a waiver of mandatory forfeitures during Appellant's confinement and for Appellant to be released from confinement prior to Christmas. The Addendum to the SJAR did not change the original recommendation and the convening authority's action incorrectly approved the sentence as adjudged.

When an appellate issue concerns the meaning and effect of a PTA, interpretation of the agreement is a question of law, subject to review under a de novo standard. *Unites States v. Lundy,* 63 M.J. 299, 301 (C.A.A.F. 2006). When an appellant contends that the government has not complied with a term of the agreement, the issue of noncompliance is a mixed question of fact and law. *Id*. The appellant bears the burden of establishing that the term is material and that the circumstances establish governmental noncompliance. *Id*. at 302.

In the event of noncompliance with a material term, we consider whether the error is susceptible to remedy in the form of specific performance or in the form of alternative relief agreeable to the appellant. *Id.* at 305. If such a remedy does not cure the defect in a material term, the plea must be withdrawn and the findings and sentence set aside. *United States v. Perron,* 58 M.J. 78, 85-86 (C.A.A.F 2003). When the parties at trial evidence on the record their understanding of a bargain, the accused is entitled to have the bargain complied with according to that understanding. *United States v. Muller*, 21 M.J. 205, 206 (C.M.A. 1986). Ambiguities in the interpretation of pretrial agreements are resolved in favor of the accused. *United States v. Davis*, 20 M.J. 903, 905 (A.C.M.R. 1985).

Due to the timing of the action, the approved sentence of two months confinement had the effect of approving 62 days of confinement. While this does not specifically comply with the terms of the PTA, Appellant has not alleged, and there is no evidence before us, that he in fact served more than 60 days' confinement. He asks only for specific performance of the PTA in the form of new action in compliance with the terms of the PTA. We find no ambiguity in the interpretation of the terms of the PTA, and hold the convening authority must honor those terms. Thus, we modify Appellant's sentence to confinement to 60 days and order a corrected court-martial promulgating order to reflect the modified sentence.

### III. Conclusion

We affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for 60 days, and reduction to E-1. The findings and sentence, as modified, are correct in law and fact, and no remaining error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence, as modified, are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court