# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 MATTHEW M. DENTICE**
**United States Army, Appellant**

ARMY 20130591

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Colonel Daniel G. Brookhart, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Brian D. Andes, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Benjamin W. Hogan, JA (on brief).

15 August 2014

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

LIND, Senior Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of attempted larceny of military property of a value more than $500.00; absence without leave terminated by apprehension; damage to non-military property; and assault consummated by a battery in violation of Articles 80, 86, 109, and 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 880, 886, 909, 928 (2012).  The military judge sentenced appellant to a bad-conduct discharge and seven months confinement.  The convening authority approved the adjudged sentence and credited appellant with 95 days against the sentence to confinement.

This case is before the court for review pursuant to Article 66, UCMJ. Appellant argues that the Specification of Charge III (damaging non-military property in violation of Article 109, UCMJ) fails to state an offense and that there is a substantial basis in law and fact to question appellant's plea of guilty to the same

specification. We agree that there is a substantial basis in law and fact to question appellant's plea of guilty to the Specification of Charge III and will grant relief in our decretal paragraph. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they are without merit.

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *Inabinette*, 66 M.J. at 322). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Inabinette*, 66 M.J. at 322; *see also* UCMJ art. 45(a); Rule for Courts-Martial [hereinafter R.C.M.] 910(e); *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) ("It is an abuse of discretion for a military judge to accept a guilty plea without an adequate factual basis to support it . . . [or] if the ruling is based on an erroneous view of the law.").

"The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 18 U.S.C.M.A. 535, 538-39, 40 C.M.R. 247, 250-51 (1969)). An accused must understand "the nature of the charges brought against him . . . ." *Id.* This is due to the fact that "an accused has a right to know to what offense and under what legal theory he or she is pleading guilty." *Id.* "An essential aspect of [accurately] informing [a]ppellant of the nature of the offense is a correct definition of legal concepts. The judge's failure to do so may render the plea improvident." *United States v. Negron*, 60 M.J. 136, 141 (C.A.A.F. 2004).

Article 109, UCMJ, states: "Any person subject to this chapter who willfully or recklessly wastes, spoils, or otherwise willfully and wrongfully destroys or damages any property other than military property of the United States shall be punished as a court-martial may direct." *Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 109.a.

The Specification of Charge III alleged appellant: "did, at or near Fort Riley, Kansas, on or about 27 February 2013, willfully and wrongfully damage by striking with a knife the interior walls of his assigned on-post quarters, the amount of the said damage being in the sum of less than $500.00, the property of Picerne Military Housing." When describing the charge, the military judge told appellant:

> [In] Charge III and its Specification . . . you are charged
> with willfully and wrongfully damaging *personal property*
> in violation of Article 109, UCMJ. By pleading guilty to

> this offense, you are admitting that the following elements are true and accurately describe what you did on this occasion.
>
> Element (1) That on or about 27 February 2013, at or near Fort Riley, Kansas, you willfully and wrongfully *damaged* certain *personal property*, that is, the interior wall[s] of your assigned on-post quarters by striking them with a knife.

(Emphasis added). The judge then described the remaining elements and also explained to appellant: "property may be considered damaged if it has been physically injured in any way."[*]

As our predecessor court acknowledged, "the root of the problem is the fact that Article 109, UCMJ, proscribes two related but different offenses . . . . One offense relates to the willful or reckless waste or spoliation of the *real property* of another. The other offense relates to the willful and wrongful destruction of the *personal property* of another." *United States v. Weaver*, 48 C.M.R. 856, 856 (A.C.M.R. 1974) (partial emphasis omitted). Article 109, UCMJ, therefore provides two different theories of liability for prosecution, each dependent on the nature of the property at issue: real property or personal property.

For offenses involving real property, "[t]he terms 'wastes' and 'spoils' as used in this article refer to such wrongful acts of voluntary destruction of or *permanent* damage to real property . . . ." *MCM*, pt. IV, ¶ 109.c(1) (emphasis added). "To be destroyed, the property need not be completely demolished or annihilated, but must be sufficiently injured to be useless for its intended purpose. Damage consists of any physical injury to the property." *MCM*, pt. IV, ¶ 109.c(2). Whereas personal property need only be (intentionally) damaged or destroyed to constitute an offense under Article 109, UCMJ, real property must be (intentionally or recklessly) *permanently* damaged or destroyed to constitute an offense under Article 109, UCJM. *MCM*, pt. IV, ¶ 109.c.

We need not address the issue of whether the Specification of Charge III states an offense because we find that appellant misunderstood the nature of the

---

[*] The military judge instructed appellant in accordance with paragraph 3-33-2 (Nonmilitary Property—Personal Property—Destroying or Damaging (Article 109)) of the Military Judges' Benchbook. Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook], para. 3-33-2 (1 Jan. 2010). He did not instruct appellant in accordance with paragraph 3-33-1 (Nonmilitary Property—Real Property—Wasting or Spoiling (Article 109)) of the Benchbook. Benchbook, para. 3-33-1.

offense to which he pleaded guilty. *See Medina*, 66 M.J. at 26. Thus, his plea was not provident.

The military judge erred by instructing appellant that he was pleading guilty to damaging "personal property." As the government now concedes, an interior wall of on-post quarters is real, not personal, property. *See Black's Law Dictionary* 1337 (9th ed. 2009) (defining "real property" as "[l]and and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land" and "personal property" as "[a]ny movable or intangible thing that is subject to ownership and not classified as real property"). By defining a wall as "personal property" rather than "real property," the military judge did not inform appellant that his "damage" to the wall must have been "permanent" to be convicted under Article 109, UCMJ.

As a result of these errors, we are not confident appellant understood the nature of the offense of which he was charged and pleaded guilty. We therefore find a substantial basis in law and fact to question appellant's plea to the Specification of Charge III.

**CONCLUSION**

The findings of guilty of Charge III and its Specification are set aside and dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have adjudged the same sentence.

There is no dramatic change in the penalty landscape or exposure. *See Winckelmann*, 73 M.J. at 15-16; *MCM*, pt. IV, ¶ 33.e(1). Appellant's maximum sentence remains that of the jurisdictional limit of a special court-martial. *See MCM*, pt. IV, ¶¶ 4.e, 10.e(2)(b), 46.e(1)(c), 54.e(2); UCMJ art. 19; R.C.M. 201(f)(2)(B). The gravamen of the offenses and the aggravating circumstances have not changed. *See Winckelmann*, 73 M.J. at 16. Appellant remains convicted of an assault consummated by a battery, absence without leave terminated by apprehension, and attempted larceny of military property. The *res gestae* of the assault offense demonstrates the aggravating conduct of appellant stabbing the wall with a knife during the attack on his pregnant girlfriend. Because appellant was tried by a judge alone, we are also more confident of the sentence the military judge would have imposed for the remaining offenses. *Id.* Finally, this court reviews the records of a substantial number of courts-martial involving larcenies, absences without leave, and assaults, and we have extensive experience with the level of sentences imposed for such offenses under various circumstances. *See id.*

4

DENTICE—ARMY 20130591

The sentence is AFFIRMED.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge KRAUSS and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court