# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Lieutenant Colonel GREGORY S. PIEPER**
**United States Army, Appellant**

ARMY 20170093

Headquarters, Fort Bragg
Jeffery R. Nance, Military Judge
Lieutenant Colonel William E. Mullee, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany M. Chapman, JA; Major Todd W. Simpson, JA; Lieutenant Colonel Christopher D. Carrier, JA (on brief); Lieutenant Colonel Tiffany M. Chapman, JA; Major Todd W. Simpson, JA; Lieutenant Colonel Christopher D. Carrier, JA (on reply brief).

For Appellee: Colonel Tania M. Martin, JA; Captain Austin Fenwick, JA; Captain KJ Harris, JA (on brief).

13 June 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

FEBBO, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of violating a lawful general regulation, seven specifications of sexual abuse of a child, one specification of conduct unbecoming an officer, and three specifications of possession of child pornography, in violation of Articles 92, 120b, 133, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920b, 933, and 934 (2012) [UCMJ]. The military judge sentenced appellant to a dismissal and confinement for forty-two months. The convening authority approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ. In his sole assignment of error, appellant asserts the military judge erred in accepting his guilty plea to violating a general regulation requiring individuals to register privately owned firearms held on post because the evidence did not establish a *mens rea* of at least recklessness. After our review of the providence inquiry, we find no substantial basis in law or fact to question the judge's acceptance of the plea.

## BACKGROUND

Appellant was charged, *inter alia*, with violating a Fort Bragg general regulation by failing to register his privately owned firearms that were stored at his on-post residence. XVIII Airborne Corps and Fort Bragg Reg. 190-11-1, Military Police: Privately Owned Weapons, Ammunition Control, and Prohibited Weapons (16 Aug. 2011), directed:

> Personnel must register privately owned firearms they have on post. This requirement applies regardless of personnel category (military, Family member, guest, unaffiliated civilian, etc.) and regardless of which of the authorized locations (Family housing or unit arms room) is used for storage of the firearms.[1]

Appellant was a competitive shooter and stored nine firearms in a gun safe in his on-post quarters. He failed to register the firearms as was required by the local regulation.

Appellant entered into a so-called "naked plea," where he did not have the benefit of a pretrial agreement. Accordingly, there is no stipulation of fact, and we are left with only the providence inquiry to examine.

During the providence inquiry, the military judge defined the elements of the offense. The military judge then engaged in the following guilty plea inquiry, in which appellant admitted that the regulation applied to him and he failed to obey it.

> ACC: I am a competitive shooter. On or about 18 November 2013, I owned approximately nine firearms. I kept these firearms in my base housing in my gun safe when I was not using them for practice or competition. I'm aware that I was required to register these firearms with base authorities in order to have them in my housing unit at Fort Bragg, pursuant to paragraph 5-1 of XVIII Airborne Corps and Fort Bragg Regulation 190-11-1, but I failed to do so. I should have registered my firearms. I failed to do so. I have no justification or excuse for my actions. I am guilty of this offense. . . .
>
> MJ: Do you believe you had any legal justification or excuse for what you did?

---

[1] The regulation in question is not unique to Fort Bragg, and similar regulations exist for many military installations.

> ACC: I do not, Your Honor.
>
> MJ: Could you have avoided violating this general regulation if you had wanted to?
>
> ACC: By exercising due diligence and looking into the regulation as I should have, I could have avoided this, Your Honor.

Appellant explained to the military judge that he lived on-post for approximately a year without registering the firearms.

## LAW AND DISCUSSION

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "It is an abuse of discretion for a military judge to accept a guilty plea . . . if the ruling is based on an erroneous view of the law." *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) (citing *Inabinette*, 66 M.J. at 321-22). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the military judge's acceptance of the plea. *Inabinette,* 66 M.J. at 322 (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).

Appellant claims on appeal that he only admitted to being negligent for failing to register his firearms because he failed to exercise "due diligence" and "look[] into the regulation as [he] should have." As such, appellant cites to *Elonis v. United States*, 135 S. Ct. 2001 (2015), and *United States v. Gifford*, 75 M.J. 140 (C.A.A.F. 2016), for the proposition that negligence is an insufficient *mens rea* to separate innocent from wrongful conduct under the regulation at issue. Appellant therefore argues the military judge should not have accepted his guilty plea to violating the Fort Bragg regulation, because appellant's statements to the military judge only indicate that appellant was negligent as to his obligations under the regulation, and not that he was reckless, or had actual knowledge of his obligation to register his on-post firearms.

Ignorance of relevant *facts* may, in some cases, excuse otherwise criminal conduct. Ignorance of the *law*, however, ordinarily does not. For example, in *Gifford*, the Court of Appeals for the Armed Forces (CAAF) held that a servicemember may not be convicted of violating a general order against providing alcohol to persons under the age of 21 if that servicemember was not at least reckless as to the age of the persons to whom he or she provided alcohol. *Id.* at 146-

3

47.[2] Thus, under *Gifford*, ignorance of certain facts may excuse otherwise criminal conduct. *Id.* at 147-48. By contrast, ignorance of the law does not, and the CAAF explained the long-standing principle "*ignorantia juris non excusat*"[3] is fully compatible with *Elonis* and its progeny. *Gifford*, 75 M.J. at 143, n.4 ("The fact that actual knowledge of a general order is typically immaterial does not conflict with the coordinate truth that *mens rea* typically is an essential element of every criminal offense. [*Gifford*] involves a mistake of fact as to age, not a mistake of law . . . .").

While appellant raises a challenge to the providence of his guilty plea based on *Gifford*, the appellant's claimed ignorance is not one of fact, as in *Gifford*, but one of law. On brief, the appellant contends that he was merely negligent as to whether he *knew* he was *required* to register his on-post firearms. Even assuming the appellant's contention is true, it alleges ignorance of the law, not ignorance of the underlying facts.

Appellant does not contend on appeal that he was ignorant of the fact that he possessed firearms, or that he stored the firearms on post. In fact, appellant explained that he kept his firearms in a special safe in his on-post residence and returned his firearms to that safe between shooting practice and competitions. Nor does appellant claim he negligently believed the firearms were registered. Instead, appellant contends that he did not articulate to the military judge that he either knew of or was reckless as to the *requirement* that he register his firearms at the time that he stored them on-post. In other words, he did not know the law. Ignorance of the law, however, neither excuses criminal conduct nor implicates an insufficient *mens rea* under *Gifford*.[4]

We find no substantial basis in law or fact to question the military judge's acceptance of the plea. The military judge clearly explained the elements of the offense to appellant, and appellant explained why his conduct met each and every one of those elements. It is not an element of the offense that the appellant knew the

---

[2] The holding in *Gifford* is limited to circumstances where the regulation or general order in question is silent as to *mens rea*. Courts will, of course, give effect to a culpable mental state specified in a regulation or general order. *Id.* at 142-43.

[3] The classical Latin formulation, "ignorance of the law excuses not."

[4] Our analysis might be different if appellant had made statements during the *Care* inquiry that should have alerted the military judge that appellant may have been ignorant of a material fact underlying the offense. For example, imagine appellant stated he was unaware of the contents of the safe containing the firearms because the safe was actually the property of a deployed friend and he was storing it as a favor. After such a statement, further inquiry might be necessary as to whether appellant was at least reckless as to the contents of the gun safe.

law at the time he broke it. Accordingly, on the basis of the entire record, we find that the findings and sentence as approved by the convening authority are correct in law and fact.

## CONCLUSION

The findings and sentence as adjudged and approved by the convening authority are AFFIRMED.

Senior Judge MULLIGAN and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court