# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class CARMELO ANGEL-NERI**
**United States Army, Appellant**

ARMY 20170658

Headquarters, 82d Airborne Division
Fansu Ku, Military Judge
Colonel Travis L. Rogers, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Tiffany D. Pond, JA; Major Jack D. Einhorn, JA; Captain Benjamin A. Accinelli, JA (on brief and reply brief).

For Appellee:  Colonel Steven P. Haight, JA; Captain Jeremy Watford, JA (on brief).

26 March 2019

-----------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
-----------------------------------------------------------------

Per Curiam:

Appellant complains that the military judge improperly rejected his guilty plea for fraternizing.[1]  We agree with appellant that the military judge erred, but find the error to be harmless.[2]

---

[1] A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of adultery in violation of Article 134, Uniform Code of Military Justice [UCMJ], and contrary to his plea, of one specification of failure to obey a lawful general regulation, in violation of Article 92, UCMJ.  The convening authority approved the findings and adjudged sentence of a bad-conduct discharge, sixty days confinement, and reduction to the grade of E-1.

[2] After due consideration, appellant's remaining assignments of error and the matters he personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), do not warrant discussion or relief.

## BACKGROUND

Appellant's court-martial involved two different inappropriate and adulterous relationships. The first relationship involved Second Lieutenant (2LT) LB. After graduating from West Point and completing the Officer Basic Course, 2LT LB reported to her first assignment as a fire direction officer of an artillery battery at Fort Bragg. Appellant was her platoon sergeant. Just over two and a half months after she reported, 2LT LB and appellant went to a local strip club together. At the club, the two did "body shots," with 2LT LB drinking shots off of a waitress and appellant drinking a shot of alcohol that had been placed between 2LT LB's breasts. A club bouncer observed 2LT LB sitting on appellant's lap and kissing. The two then left the club together and went to appellant's car where they had sexual intercourse.[3]

The second inappropriate relationship involved Specialist (SPC) RN. Specialist RN worked in the battalion personnel section. While appellant was a senior non-commissioned officer in the operations section, he began having a sexual relationship with SPC RN. She became pregnant. Appellant broke off the relationship and told SPC RN to get a DNA test to confirm paternity. She demanded that he continue to see her and threatened to reveal the relationship to appellant's wife and command.

Appellant, who was married at the time of both of these inappropriate relationships, was charged with two specifications of adultery for having sexual relations with each woman. The military judge accepted appellant's plea to both specifications.

Appellant was also charged with fraternizing with SPC RN in violation of Army Reg. 600-20, Personnel-General: Army Command Policy [AR 600-20], para. 4-14(c) (6 Nov. 2014).

In explaining why he was guilty of fraternization, appellant claimed that he had wrongly believed that there was nothing improper in having a sexual

---

[3] Appellant was also charged with sexual assault of 2LT LB, in violation of Article 120, UCMJ, to which he pleaded not guilty. The government attempted to prove this charge at trial. Second Lieutenant LB testified that the sexual intercourse was not consensual. The defense argued that the two had been seen leaving the club holding hands. The club bouncer, trying to return to 2LT LB her phone and purse that she left in the club, found them having sex in the back seat of appellant's vehicle. The bouncer's testimony did not corroborate 2LT LB's testimony that the sex was non-consensual. The court-martial found appellant not guilty of sexually assaulting 2LT LB.

relationship with a soldier junior to him provided that the soldier was not in his supervisory chain. At trial, he admitted his belief was wrong, but maintained it was honestly held at the time of the offense.

Based on these statements, the military judge rejected appellant's plea. The government then proved up this charge and appellant was found guilty of fraternization.

On appeal, appellant argues the military judge erred as a matter of law in rejecting appellant's plea. The government concedes they cannot defend the military judge's action.

## LAW AND DISCUSSION

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "It is an abuse of discretion for a military judge to accept a guilty plea . . . if the ruling is based on an erroneous view of the law." *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) (citing *Inabinette*, 66 M.J. at 321-22).

Ignorance of relevant facts may, in some cases, excuse otherwise criminal conduct. Ignorance of the law, however, ordinarily does not. Nothing about our superior court's recent cases interpreting *Elonis v. United States* changes these principles. 135 S. Ct. 2001 (2015).

For example, in *United States v. Gifford*, the Court of Appeals for the Armed Forces (CAAF) held that a servicemember may not be convicted of violating a general order prohibiting providing alcohol to persons under the age of twenty-one if that servicemember was not at least reckless as to the age of the persons to whom he or she provided alcohol. 75 M.J. 140, 146. Thus, under *Gifford*, ignorance of certain facts may excuse otherwise criminal conduct. *Id.* at 147-48. By contrast, ignorance of the law does not, and the CAAF explained the long-standing principle "*ignorantia juris non excusat*" is fully compatible with *Elonis* and its progeny. *See id.* at 143 n.4 ("The fact that actual knowledge of a general order is typically immaterial does not conflict with the coordinate truth that mens rea typically is an essential element of every criminal offense. [*Gifford*] involves a mistake of fact as to age, not a mistake of law . . . .").

Here, we see no legal basis for rejecting appellant's plea based on his claim that he did not know that his conduct violated a general regulation. Had he claimed he did not know (or recklessly disregarded) that SPC RN was a junior enlisted soldier, or had he disclaimed knowledge that he was in a sexual relationship with her, there would be a substantial basis to question his guilty plea. But, it is no defense for appellant to claim that he did not know that an Army regulation

prohibited non-commissioned officers from engaging in sexual relationships with junior enlisted soldiers. If knowledge of the law is neither an element of the offense nor an element of a defense, it is not a required admission at a guilty plea.[4]

While we find the military judge erred in rejecting appellant's plea, it is harmless in this case, and therefore we do not give any relief. In rejecting the accused's plea and putting the burden on the government to prove its case, appellant was not materially prejudiced. This is not a case where the accused had a pretrial agreement and did not get the benefit of the agreement because the military judge erroneously rejected the plea. *See, e.g., United States v. Dupont*, ARMY 20180481, 2019 CCA LEXIS 118 (Army Ct. Crim. App. 14 Mar. 2019) (summ. disp.). As appellant pleaded guilty to committing adultery with SPC RN, and the adultery colloquy included appellant's admission to nearly the same key facts as the offense of fraternization with SPC RN, the military judge was able to take into consideration appellant's admission of those facts. Even if we were to reassess the sentence in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), recognizing appellant's plea of guilty as a mitigating factor, we find the adjudged sentence is appropriate.

## CONCLUSION

On consideration of the entire record, the findings of guilty and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[4] The military judge appeared to state that the required *mens rea* for an offense depends on whether it is a guilty plea or a contested case. It is the same in both instances. At a guilty plea the accused must admit to the relevant culpable mental state. This is done not to prove the offense, but to ensure the plea is knowing and voluntary. At a contested trial the government must prove the accused's culpable mental state, but the proof can be accomplished by circumstantial evidence and by reasonable inference, and need not be admitted by the accused.