*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
CRISFIELD, HITESMAN, and GASTON,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Philip J. FINK**
Private First Class (E-2), U.S. Marine Corps
Appellant

**No. 201800250**

Decided: 6 February 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Major Terrance J. Reese, USMC. Sentence adjudged 6 June 2018 by a general court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence approved by the convening authority: bad-conduct discharge.[1]

For Appellant: Major Matthew A. Blackwood, USMCR.

For Appellee: Captain Luke Huisenga, USMC; Captain Brian L. Farrell, USMC.

_____

---

[1] Pursuant to the pretrial agreement, the convening authority commuted the adjudged dishonorable discharge to a bad-conduct discharge.

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under NMCCA
Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of three specifications of sexual assault of a child and three specifications of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b (2012).

Appellant raises three assignments of error: (1) defense counsel was ineffective for erroneously advising Appellant that he would not have to register as a sex offender, (2) defense counsel was ineffective for failing to identify and comment on an error in the Report of Result of Trial, and (3) the military judge erred by not entering findings by exceptions and substitutions where the specification contained an obvious error as to the date. Appellant's assignment of error (3) has merit but we find no prejudicial error and affirm.

## I. BACKGROUND

Appellant was 18 years old and JS was 15 when they began corresponding in February of 2017 using a social media application. After two months, Appellant and JS met and engaged in sexual contact on two occasions. A neighbor of JS observed them kissing near a community kayak launch and reported that to JS's mother who then called the local police.

Prior to entering into a pretrial agreement (PTA) with the convening authority, Appellant and his trial defense counsel (TDC) discussed whether Appellant's guilty plea would require registration as a sex offender. Appellant had already conducted his own research on the issue and shared that with his TDC. Appellant and his TDC then spoke to state officials from Maryland and North Carolina to determine whether Appellant would be required to register. Based on the conversations with the respective state officials, TDC and Appellant believed that Appellant would not be required to register as a sex offender.

On 6 June 2018, the military judge signed the Report of Result of Trial for this case, erroneously indicating that "sex offender notification [is] required" pursuant to Department of Defense Instruction (DODI) 1325.07 (11 Mar 2013) (Administration of Military Correctional Facilities and Clemency and Parole Authority). This statement was incorrect because the instruction states that an "offense involving consensual sexual conduct is not a reporta-

ble offense if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." DODI 1325.07, App. 4 to Enclosure 2. Correctional facilities use this report to determine whether state notification of a sex offender is required. If so, facility officials must advise the offender to ensure that he understands his obligations; this additional advice is documented on a DD Form 2791. This form is also sent to state and local law enforcement agencies in the area where the sex offender states he may relocate after release from confinement. Appellant was not sentenced to confinement but was required to report to the Camp Lejeune Brig to complete a DD Form 2791 and acknowledge his obligations to register as a sex offender. The DD Form 2791 relating to Appellant was sent to Maryland and North Carolina law enforcement agencies and Appellant was required to register as a sex offender with both states.

During the course of this appeal, the Government corrected the Report of Result of Trial to state that Appellant was convicted of an offense that did not require sex offender notification. North Carolina rescinded its requirement that Appellant register but Maryland did not.

Additional facts necessary to the resolution of the assignments of error are included in the discussion.

## II. DISCUSSION

### A. Trial Defense Counsel Was Not Ineffective

The Sixth Amendment entitles criminal defendants to representation that does not fall "below an objective standard of reasonableness" in light of "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). We apply the two-pronged test established by the Supreme Court in *Strickland* to determine whether counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate that his counsel's performance was deficient, and that the deficiency resulted in prejudice. *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. 687). Appellant has the burden to prove both prongs. *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005).

Appellant must show that the TDC's performance fell below an objective standard of reasonableness, indicating that counsel was not functioning as counsel within the meaning of the Sixth Amendment. *United States v. Terlap*, 57 M.J. 344, 349 (C.A.A.F. 2002). Our review of counsel's performance is highly deferential and there is a strong presumption that counsel provided adequate representation. *See United States v. Garcia*, 59 M.J. 447, 450 (C.A.A.F. 2004).

Appellant must also show that prejudice resulted from the deficient performance of his TDC. *Strickland*, 466 U.S. at 687. Such prejudice must result in the denial "of a fair trial, a trial whose result is unreliable." *United States v. Dewrell*, 55 M.J. 131, 133 (C.A.A.F. 2001). The test for this prejudice is whether there is a reasonable probability that, but for counsel's error, there would have been a different result. *United States v. Quick*, 59 M.J. 383, 386-87 (C.A.A.F. 2004).

*1. Sex offender registration advice was not deficient*

Appellant avers that his TDC was ineffective because he told Appellant that his pleas of guilty would not result in a requirement to register as a sex offender. We disagree.

We find that Appellant's counsel was not deficient and that Appellant therefore does not satisfy the first prong of the *Strickland* test. In *United States v. Miller*, the Court of Appeals for the Armed Forces (CAAF) examined whether the first prong of the *Strickland* test was met when a TDC failed to inform a member that his guilty plea would require him to register as a sex offender. 63 M.J. 452, 458-59 (C.A.A.F. 2006). The CAAF found that "[g]iven the plethora of sexual offender registration laws enacted in each state, it is not necessary for trial defense counsel to become knowledgeable about the sex offender registration statutes in every state." *Id.* at 459. TDCs are required, however, to advise their clients of the contents of the relevant Department of Defense instruction, which identifies those offenses that trigger mandatory sex offender reporting. *See id.*

Here, TDC did more than required by *Miller*. He and Appellant spoke to state officials in both North Carolina and Maryland to determine whether Appellant would have to register as a sex offender. TDC relied on the assertions of these state officials and concluded that Appellant would not have to register in either state. This conclusion was reasonable based on the due diligence of the TDC in researching and speaking directly with state officials responsible for administering their respective state sex offender registration programs. We are also certain that Appellant was informed that registration was at least a possible consequence of his guilty plea as demonstrated by the terms of the PTA and the colloquy between Appellant and the military judge. Appellant signed the PTA on 11 May 18. Paragraph 11.d., titled "Sexual Registration" states:

> My defense counsel has advised me that my guilty pleas to
> the charges and specifications contained in this agreement may

4

result in mandatory sex offender registration. My defense counsel has advised me of the accompanying consequences of sex offender registration.[2]

During Appellant's guilty plea the military judge asked Appellant if he understood that there was a "possibility that [he] will have to register as a sex offender?" Appellant answered, "Yes, sir." The military judge then asked if Appellant understood "the potential effects of . . . registration laws in [his] case?" and, in light of those effects, did he "still want to plead guilty?" Appellant answered both of these questions, "Yes, sir."

Because we find that TDC's performance was not deficient, we do not need to explore whether Appellant was prejudiced. We note however that the Report of Result of Trial was corrected to reflect that registration is not required consistent with TDC's conclusion. While North Carolina rescinded its order requiring registration, we cannot explain why the State of Maryland has not done so as well. While unfortunate for Appellant, this is not prejudice that resulted from TDC's performance. TDC's performance and advice were correct and not deficient and therefore not ineffective.

### 2. *Waiving post trial matters submission was not deficient*

Appellant also contends his TDC was ineffective because he failed to request clemency and failed to submit post trial matters addressing an error in the Report of Result of Trial stating the offenses required sex offender notification. We disagree.

Again we find that Appellant's counsel was not deficient and that Appellant therefore does not satisfy the first prong of the *Strickland* test. First, Appellant was sentenced to only a dishonorable discharge. Pursuant to the PTA, the convening authority was required to commute that sentence to a bad-conduct discharge. There was no other possible action the CA could take to benefit Appellant. It was reasonable for TDC to forego submitting a request for clemency knowing that the CA could not lawfully grant any relief with respect to the findings or sentence. Second, the administrative error Appellant complains of was not a legal error affecting the findings or sentence that the staff judge advocate or defense counsel were required to address. *See* RULE FOR COURTS-MARTIAL 1106(d)(4), (f)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). Nonetheless it was an important administrative mistake that several officers failed to recognize.

---

[2] Appellate Exhibit XIII at 7.

Even if TDC's decision to forego commenting on the staff judge advocate's recommendation and attachments, to include the Report of Result of Trial, was deficient, Appellant can show no prejudice that calls into question the fairness and reliability of his court-martial. The convening authority could not grant any clemency and the administrative error on the Report of Result of Trial was corrected and delivered to Maryland and North Carolina. TDC's performance was not deficient and Appellant cannot show prejudice. Therefore, his claim of ineffective assistance of counsel fails.

## B. The Military Judge Erred by Not Entering Findings by Exceptions and Substitutions

Appellant contends that the military judge erred by failing to make findings by exceptions and substitutions. We agree.

Military judges have broad discretion to accept guilty pleas. *See United States v. Phillips,* 74 M.J. 20, 21 (C.A.A.F. 2015). We review the military judge's "decision to accept a guilty plea" applying an abuse of discretion standard. *United States v. Weeks,* 71 M.J. 44, 46 (C.A.A.F. 2012). Military judges abuse their discretion when they "accept a guilty plea without an adequate factual basis" or when the acceptance is "based on an erroneous view of the law." *Id.* We review de novo questions of law "arising from the guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

The charge sheet alleges that Specification 2 of Charge II occurred on "14 April 1017," an obvious error that only the Article 32, UCMJ, Preliminary Hearing Officer noticed and which was never corrected on the charge sheet. Appellant entered into a stipulation of fact in which he initialed the section titled "Specification 2 of Charge II" and the date changed to "14 April 2017." Appellant also stated during the providence inquiry that he put his hand in JS's pocket and fondled his penis on 14 April 2017.[3]

The military judge accepted Appellant's plea of guilty to Specification 2 of Charge II, and announced his findings. Despite the variance between the date alleged on the charge sheet and the date indicated in both Appellant's providence inquiry and the stipulation of fact, the military judge did not announce his findings by exceptions and substitutions. He therefore abused his discretion by accepting Appellant's plea of guilty without a sufficient factual basis as to the date of the offense. However, failure to enter findings by exceptions and substitutions did not prejudice Appellant because the error "pertained only to the date on which the offense occurred and did not indicate any

---

[3] Record at 50-53.

greater criminal conduct than that which actually occurred." *United States v. Engle*, No. 200501044, 2006 CCA LEXIS 115, at \*16 (N-M. Ct. Crim. App. 31 May 2006) (unpub. op.). It was an obvious administrative error and Appellant does not claim confusion over in which millennium he is alleged to have committed the offense. Accordingly, we except the year "1017" from Specification 2 of Charge II, and substitute the year "2017." We order corrective action in the decretal paragraph.

## III. CONCLUSION

The excepted language from Specification 2 of Charge II is set aside and dismissed. The findings as excepted and substituted are affirmed. Further, we reassess the sentence in accordance with *United States v. Winklemann*, 73 M.J. 11 (C.A.A.F. 2013), and affirm the sentence of a dishonorable discharge as originally adjudged. The convening authority shall issue a supplemental court-martial order, consistent with the opinion of this Court.

The approved findings, as modified by this Court, and the sentence as reassessed, are correct in law and fact and no error materially prejudicial to Appellant's substantial rights occurred. Arts. 59, 66, UCMJ. The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court