# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant JUSTIN D. GOLDEN**
**United States Army, Appellant**

ARMY 20190695

Headquarters, I Corps
Joseph R. Distaso and Lanny J. Acosta, Jr., Military Judges
Colonel Oren H. McKnelly, Staff Judge Advocate

For Appellant: Lieutenant Colonel Angela D. Swilley, JA; Captain Paul T. Shirk, JA.

For Appellee: Lieutenant Colonel Wayne H. Williams, JA.

26 August 2020

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

ALDYKIEWICZ, Senior Judge:

We review this case under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 [UCMJ]. A military judge sitting as a special court-martial convicted appellant, consistent with his pleas, of three specifications of false official statement, one specification of wrongful appropriation, one specification of forgery, and one specification of fraud, in violation of Articles 107, 121, 123, and 132, UCMJ, 10 U.S.C. §§ 907, 921, 923, and 932. Consistent with appellant's plea agreement, the convening authority approved the adjudged sentence of reduction to the grade of E-1, confinement for forty days, and a bad-conduct discharge.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant asserts his findings of guilty of three specifications of making false official statements (Specifications 1, 3, and 4 of Charge II) are unreasonably multiplied for purposes of findings and sentencing. We agree in part as to the findings, but additionally find the military judge abused his discretion by accepting appellant's plea of guilty to Specification 1 of Charge II. We therefore set aside and dismiss the

finding of guilty to Specification 1 of Charge II and merge the remaining two specifications of Charge II into a single, consolidated specification to remedy the unreasonable multiplication of charges (UMC) as to findings. Notwithstanding, we reassess and affirm appellant's sentence.

## BACKGROUND

During the process of appellant's PCS move from the Republic of Korea to Joint Base Lewis–McChord, he submitted an altered travel authorization form (Department of Defense Form 1610), an altered rental car receipt, and a fraudulent travel voucher (Department of Defense Form 1351-2) claiming $9,905.88 in reimbursement for his PCS expenditures. Included in the claimed amount was $4,794.98 for a rental vehicle which appellant was never authorized to obtain as part of his PCS move. Appellant also claimed additional travel expenses which he was not authorized.

After submitting his fraudulent claim with the altered documents, the finance office made two payments to appellant, one for $4,561.75 and another for $5,274.00. During a subsequent analysis and audit of appellant's travel voucher, the finance office discovered various discrepancies in appellant's submitted travel voucher compared to his actual travel authorization document. The finance office determined appellant owed the United States $5,401.75, based on the unauthorized rental car and travel expenses that appellant wrongfully and fraudulently claimed. The finance office then informed Army Criminal Investigation Command (CID) and a criminal investigation ensued.

Army CID Special Agent (SA) TL interviewed appellant on 27 March 2019. Based on this single interview, the government charged appellant with four separate specifications of making false official statements to SA TL concerning the travel paperwork. Appellant pleaded guilty to three of the specifications for making the following totally false statements to SA TL: (1) "I never got a rental car," in Specification 1 of Charge II; (2) "The receipt must have slipped into my paperwork," in Specification 3 of Charge II; and (3) "The annotation of a rental car on the travel voucher was for my wife's vehicle transfer cost from South Carolina to Washington State," in Specification 4 of Charge II.

As revealed during the CID investigation, it was actually appellant's brother-in-law, AF, who used appellant's government travel card to rent the vehicle for use by appellant's mother-in-law, altered appellant's DD Form 1610, and altered the receipt for the rental vehicle. Nevertheless, appellant was aware of AF's actions and submitted the altered documents along with his DD Form 1351-2 travel voucher. Appellant did not inform CID of AF's actions until after he had submitted and received payment for his unauthorized travel expenses and initially lied to SA TL.

2

## LAW AND DISCUSSION

### A. Acceptance of Appellant's Guilty Plea to Specification 1 of Charge II

The military judge at a guilty plea is "charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citations omitted). We review a military judge's decision to accept a guilty plea for abuse of discretion. *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) (citing *Inabinette*, 66 M.J. at 321). A military judge abuses his discretion if he accepts a guilty plea "without an adequate factual basis to support it" or if he accepts a guilty plea based upon "an erroneous view of the law." *Id.* (citation omitted).

In reviewing a military judge's decision to accept a guilty plea, "appellate courts apply a substantial basis test: Does the record as a whole show a substantial basis in law and fact for questioning the guilty plea?" *Inabinette*, 66 M.J. at 322 (internal quotations and citations omitted). "If an accused's admissions in the plea inquiry do not establish each of the elements of the charged offense, the guilty plea must be set aside." *Weeks*, 71 M.J. at 46 (citing *United States v. Gosselin*, 62 M.J. 349, 352–53 (C.A.A.F. 2006)).

Here, the military judge accepted appellant's guilty plea for making to SA TL the statement of "I never got a rental car," or words to that effect. Reviewing the very brief colloquy concerning this offense during the plea inquiry, appellant told the military judge, "I personally did not get a rental car, but I knew that the rental car he was asking about had been rented in my name with my government travel card by my brother-in-law." The stipulation of fact admitted into evidence suggests what appellant meant by the charged language was that a rental car had never been charged to his government travel card. However, there is no discussion in the plea inquiry about this purported secondary meaning to the plain language of appellant's statement. Given the undeveloped record, appellant's statement to the military judge that he personally did not get a rental car, and the fact that appellant neither reserved nor used the rental car in question, we find the military judge abused his discretion by accepting appellant's guilty plea based upon an inadequate factual basis to support the offense. Accordingly, we are compelled to set aside and dismiss the finding of guilty to Specification 1 of Charge II.

### B. Unreasonable Multiplication of Charges

#### 1. Did appellant affirmatively waive his UMC claims?

Before discussing the merits of appellant's claim that his convictions under Charge II are unreasonably multiplied for findings and sentencing, we must first

address whether appellant affirmatively waived these claims. *See* Rule for Courts-Martial [R.C.M.] 905(e)(1) ("Failure by a party to raise defenses or objections or to make motions or requests which must be made before pleas are entered . . . forfeits the defenses or objections absent an affirmative waiver."); *United States v. Hardy*, 77 M.J. 438, 439 n.2 (C.A.A.F. 2018) (noting the change to the language of R.C.M. 905(e) for cases referred to trial by court-martial after 1 January 2019).[1] Affirmative waiver "is the intentional relinquishment or abandonment of a known right." *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020) (quoting *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)) (internal quotation marks omitted).

First, we look to the terms of the waiver provision in appellant's plea agreement. Appellant agreed:

> To waive all waivable motions. This includes motions for unreasonable multiplication of charges for sentencing, as well as any and all motions for unlawful pretrial punishment under Article 13, UCMJ. This waiver does not include any Article 13, UCMJ matters that may arise between the date of this document and the date my guilty plea occurs.

The language is puzzling. While it is clear that a "waive all waivable" clause in a plea agreement can constitute affirmative waiver of UMC claims, *see Gladue*, 67 M.J. at 314, for reasons unknown to this court, the government decided to add additional inclusionary and exclusionary language to the clause in this case.[2] Moreover, the plea agreement expressly indicated that any UMC claims *as to sentencing* were waived, but it is silent about UMC *for findings*. Based on the phrasing of the waiver provision and the legal maxim *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of the other), we are satisfied this clause affirmatively waived appellant's claim concerning UMC for sentencing, but not for findings. We next turn to the colloquy with the military judge to determine if appellant's UMC for findings claim was affirmatively waived.

The military judge spent significant time discussing the waiver provision with the parties during appellant's guilty plea. It is clear from the discussion between defense counsel and the military judge that the purpose of the waiver clause was to waive any UMC claim for sentencing and sentencing alone. At no point did the

---

[1] Appellant's case was referred on 28 May 2019.

[2] The waiver provision in the plea agreement originated with the government.

parties discuss waiver of the UMC claim for findings. As such, we are not satisfied that appellant intentionally relinquished his claim concerning UMC for findings.[3]

2. *Appellant's two convictions for making false official statements to the same CID agent in a single conversation about the same course of conduct constitutes an unreasonable multiplication of charges for findings.*

Turning to the merits of appellant's UMC for findings argument, it is well-settled that "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4). Applying the non-exhaustive factors articulated in *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001), we find appellant's multiple convictions for making separate false official statements to SA TL in the same interview about the same underlying misconduct exaggerates appellant's criminality and unreasonably increases his punitive exposure. We note the fact that appellant did not object to the UMC for findings and that there is no evidence of prosecutorial abuse or overreach. Even so, on the facts of this case, we are convinced on the whole that the *Quiroz* factors weigh in appellant's favor.

Exercising our power under Article 66, UCMJ, we elect to merge the two remaining false official statements contained in Specifications 3 and 4 of Charge II into a single specification. In so doing, we once again note our concern about the propriety of taking a single conversation an accused has with a law-enforcement officer, parsing the conversation statement by statement, and charging an accused with four separate specifications of false official statement,[4] each carrying a punitive exposure of a dishonorable discharge and confinement for five years. *See United States v. Edgecomb*, 2014 CCA LEXIS 745 (Army Ct. Crim. App. 30 Sep. 2014)

---

[3] We pause to remind practitioners of the importance of the language contained in plea agreements. When it comes to waiver provisions, less may be more in many cases. A simple "waive all waivable" clause in the plea agreement coupled with a robust discussion during the guilty plea about what issues are preserved or waived by virtue of the "waive all waivable" clause likely avoids the issue we address herein. Finally, while this court has the authority to notice issues that are affirmatively waived, it is not a power we routinely exercise. *See United States v. Conley*, 78 M.J. 747, 749–53 (Army Ct. Crim. App. 2018). Here, because we find appellant did not affirmatively waive his claim concerning UMC for findings, we need not decide whether we would notice the issue even if he had.

[4] Consistent with the plea agreement, appellant pleaded not guilty and was found not guilty of Specification 2 of Charge II, another alleged false official statement stemming from the same conversation with SA TL.

(mem. op.) (consolidating multiple false official statement convictions into a single specification); *United States v. Sanchez*, 39 M.J. 518, 520 (A.C.M.R. 1993) ("Better practice would have been to include all the false averments in the specification.").

## CONCLUSION

Specification 3 of Charge II is merged with Specification 4 of Charge II to read as follows:

> In that Sergeant Justin D. Golden, U.S. Army, did, at or near Joint Base Lewis–McChord, Washington, on or about 27 March 2019, with intent to deceive, make to Special Agent TL, official statements, to wit: "The receipt must have slipped into my paperwork," or words to that effect, and "The annotation of a rental car on the travel voucher was for my wife's vehicle transfer cost from South Carolina to Washington State," or words to that effect, which statements were totally false, and were then known by the said Sergeant Golden to be so false.

Specification 1 of Charge II is set aside and DISMISSED. Specification 3 of Charge II as amended above is AFFIRMED. Specification 4 of Charge II is set aside and DISMISSED. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and the principles articulated by our Superior Court in *United States v. Winckelmann*, 73 M.J. 11, 15–16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), we AFFIRM the sentence as approved by the convening authority. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judges SALUSSOLIA and WALKER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court